AFRICAN BAPTIST CHURCH IN ST. LOUIS, *Appellant*, v THE ST. LOUIS TRANSFER COMPANY *et al.*

Church Corporation:   BENEFICIARY OF TRUST: CASE ADJUDGED.
   The evidence in a contest between two church corporations examined and *held* that defendant is shown to have equitably the better right to recognition as the beneficiary in an ancient con veyance under which both claim title.

*Appeal from St. Louis City Circuit Court.* — HON. DANIEL DILLON, Judge.

AFFIRMED.

*T. J. Cornelius* for appellant.

*Everett W. Pattison* for respondents.

BARCLAY, J.—In 1829 a deed to a lot in St. Louis was duly made to Rev. Berry Meacham in trust for the sole use and benefit of the African Baptist Church in St. Louis. The trustee named was the pastor. The church was unincorporated and so remained for many years. A place of worship was erected on the lot and used as such until shortly before this litigation. In 1854 Rev. Berry Meacham died without leaving a will. The property continued in possession of the church congregation as before.

A difference arose in 1882 among the members of the body regarding the selection of a pastor to succeed Elder Thomas Jefferson whose term expired at the beginning of that year. That difference resulted in a division of the church into two separate groups or organizations. One obtained a charter of incorporation in November, 1884, under the name of the beneficiary in the deed to Meacham. It is the plaintiff in the present suit and claims to be identical with the first congregation.

The contention of defendant, the First Colored Baptist Church, is that it is the only authentic original beneficiary ; that it was long known as the " African Baptist Church" but that many years ago it adopted its present title by general consent of the congregation and was incorporated by that name in August, 1884.

It appears that in 1883, by an order of the St. Louis circuit court, the members of the board of the defendant

church were appointed, by name, trustees in the stead of Rev. Berry Meacham, deceased, to execute the trust created by the original deed. These trustees sold the old church lot to the St. Louis Transfer Company, defendant, and applied the proceeds towards the purchase of another place of worship for the same congreation in a more eligible site.

The real dispute presented by the pleadings and proofs of both parties is simply as to which one of the two church corporations has equitably the better right to recognition as the genuine original African Baptist Church, the beneficiary in the ancient conveyance first aforesaid.

It is unnecessary to elaborate an extended review of the testimony. It furnishes abundant support to the conclusion reached by Judge DILLON in favor of the defendant church, if, indeed, there may fairly be said to be any substantial conflict of evidence on the material points in it.

The circuit court properly dismissed the petition. Its judgment is affirmed. The other judges concur.